PeR Curiam.
The appellant filed his petition in the probate court of Carroll county, praying his distributive share of the estate of one Rhodes, on which the appellee is administrator. It seems from the petition, that in the year 1838 appellant became security for Rhodes in a promissory note, and in the year 1843 had the money to pay. Rhodes died in 1839, and in January, 1840, administration was granted, and in August following the. estate was reported insolvent, and commissioners appointed. The note never was presented, either to the administrator or .to the commissioners of insolvency. At February term, 1841, a further time of six months was allowed the commissioners to report, and at July term following, two of them filed a paper, which purported to be their report, but it does not appear to have been made under oath, nor does it appear of record that the commissioners ever rendered a list of claims against the estate, with the sums allowed on each. The petition also alleges, that it does not appear whether said commissioners were discharged, or that they ever advertised as the law directs. The petition concludes by averring that the administrator still holds the larger part of the estate, and prays that appellant may be admitted as a creditor, and a new commission opened.
It will be seen from the above facts, that the commission of insolvency was closed at July term, 1841, and the petitioner was^ot a creditor of the estate until 1843. In the case of Channing v. Peck, 6 Howard, 524, we held that a commission of insolvency could not be opened at a term subsequent to that at which the commissioners had made their final report. The same point was also settled in the case of Smith v. Berry, 1 S. & M. 321, and it was there held that the commission would not be opened for any cause, if the former orders of the court were not absolutely null and void. Were the previous orders of the court in this instance void 1 The proceed *360 ings are objected to, because it does not appear by the records that the report was made under oath, and because it does not appear that the commissioners reported a list of claims against the estate under oath; and further, that it does not appear by the records of the court, that the commissioners advertised the times and places of their meetings. It does not follow, from anything stated in the petition, that the report was not made on oath. The oath may have been administered in open court. The report was a matter of evidence for the court, and in the absence of any showing to the contrary, we must presume that the court took the proper mode of admitting the report, as the foundation of its judgment. The notices may have been given, or the advertisement made according to the order of the court. It does not follow, because they do not appear of record, that they were not given. The duty of the petitioner was plain enough. He should have paid the claim and presented it himself, or he should have caused it to be presented by the holder. He remained passive, however, until the administrator, by the report, became liable to the creditors for their distributive shares. His application is entirely too late. The administrator may still hold part of the property, but he is liable, by the report of the commissioners and the decree of the court, to other creditors.
Judgment affirmed.